J-S41023-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC NOEL SANTOS | : | |
| | : | |
| Appellant | : | No. 261 MDA 2020 |

Appeal from the Judgment of Sentence Entered December 31, 2019
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0000751-2019

BEFORE:   KUNSELMAN, J., McLAUGHLIN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:              **FILED NOVEMBER 12, 2020**

Eric Noel Santos appeals from the judgment of sentence entered after a jury found him guilty of Retail Theft and Conspiracy.[1] Santos challenges the sufficiency and weight of the evidence, as well as the admission of testimony. We affirm based on the trial court opinion.

In December 2018, Officer Adam Bruckhart went to a Walmart in York County in response to a report of a retail theft. There, a loss prevention officer told him that Santos and Daniell Monique Scott had attempted to steal a hoverboard valued at $241.68. Police arrested and charged them. At their joint jury trial, both Santos and Scott testified that they had brought a vacuum cleaner and the hoverboard back to Walmart to return them. However, the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3929(a)(1) and 903, respectively.

loss prevention officer testified that he had watched a surveillance video twice that showed Santos and Scott coming into the store with only the vacuum cleaner. He also said that at the time of the incident, he gave the police officer copies of timestamped, still photos from the video. He stated that following the incident, when he attempted to transfer the surveillance video to a disk for the police, he discovered that the video and other files on the system were corrupted. He explained that such corruption cannot result from human error. Young then testified about the contents of the video, over a defense objection based on the best evidence rule. Finally, a Walmart employee who stopped Santos and Scott when they attempted to leave said that she stopped them and asked them for a receipt, and they could not produce a receipt for the hoverboard.

The jury found Santos and Scott guilty of the above offenses and the trial court sentenced Santos to six to 12 months' incarceration. Santos filed a post sentence motion challenging the weight and sufficiency of evidence. **_See_** Post-Sentence Motion, filed 1/10/20. The trial court denied the motion and this timely appeal followed.

Santos raises the following issues before this Court:

    I.     Whether the evidence is insufficient to sustain the conviction?

    II.    Whether the verdict is against the weight of the evidence?

    III.   Whether the affiant and loss prevention officer's testimony about the missing surveillance video violated the Best Evidence Rule or was otherwise

> hearsay and should not have been allowed into evidence[?]

Santos' Br. at 5.

Santos' first claim challenges the sufficiency of evidence. He claims that "[t]here exists no evidence that [Santos] carried away the hoverboard with the intent to deprive the owner of full value." *Id.* at 16. Our standard of review is *de novo*; "our scope of review is limited to considering the evidence of record, and all reasonable inferences arising therefrom, viewed in the light most favorable to the Commonwealth as the verdict winner." *Commonwealth v. Rushing*, 99 A.3d 416, 420–21 (Pa. 2014).

Here, the trial court determined that the evidence was sufficient to sustain the convictions. It noted the evidence and testimony at trial that Santos and his co-defendant did not walk in with the hoverboard, picked up the hoverboard while in the store, and then attempted to leave the store without paying for the item.

> [T]he evidence and testimony proffered at trial showed that [Santos] and Daniell Scott walked towards the front of the store almost instantly after they placed the hoverboard into their cart. The time-stamped photographs presented at trial indicated that, there were no other items except the vacuum cleaner in [Santos'] cart around 5:31 p.m. [Santos] and Daniell Scott selected the hoverboard and placed it on the bottom of their cart around 5:33 p.m. Police were called at 6:07 p.m. Both [Santos] and Daniell Scott confirmed that it was approximately 30 minutes that they stood at the front of the store after they were confronted by Sabrina Santiago.

Pa.R.A.P. 1925(a) Op. ("1925(a) Op."), 4/17/20, at 9 (citations to notes of testimony and exhibit omitted). Upon a review of the record, we agree that the evidence was sufficient to sustain the convictions.

Next, Santos challenges the weight of the evidence. He maintains that the testimony of the Commonwealth witnesses were contradictory and that his testimony established that he had an intent to pay for the items in his cart.

We review the trial court's ruling on a weight claim for abuse of discretion:

> [I]n a challenge to the weight of the evidence, the function of an appellate court on appeal is to review the trial court's exercise of discretion based upon a review of the record, rather than to consider *de novo* the underlying question of the weight of the evidence. [**Commonwealth v.**] **VanDivner**, 962 A.2d [1170,] 1178 [(Pa. 2009)]. In determining whether this standard has been met, "appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion." **Commonwealth v. Diggs**, 597 Pa. 28, 949 A.2d 873, 879 (2008).

**Commonwealth v. Rivera**, 983 A.2d 1211, 1225 (Pa. 2009). "A verdict is against the weight of the evidence 'only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice.'" **VanDivner**, 962 A.2d at 1177 (quoting **Commonwealth v. Cousar**, 928 A.2d 1025, 1036 (Pa. 2007)).

Here, the trial court determined that the jury's verdict was not contrary to the evidence, noting that "[t]he jury found [Santos'] testimony not credible . . . ." 1925(a) Op. at 13.

> [T]he circumstantial evidence in this case simply supports the conclusion that [Santos] had the intent to deprive the Walmart of its possession of the hoverboard. [Santos and Scott] told both Andrew Young and Sergeant Bruckhart that they had brought the vacuum cleaner and the hoverboard into the store for exchange. This was contradicted by the photographic evidence. The evidence presented at trial clearly weighed in favor of the Commonwealth.
>
> The jury found [Santos'] testimony not credible, and his argument did not prevail.

*Id.*

We discern no abuse discretion. As the fact finder, the jury determined that the Commonwealth's witnesses were credible and that Santos' version of what occurred was not credible. We cannot say that the trial court abused its discretion in concluding that the jury's verdict was not so contrary to the evidence as to shock one's sense of justice.

For his final claim, Santos alleges that the trial court erroneously allowed the testimony of Young and the officer who arrived on the scene that day. He maintains that because the original surveillance video was corrupted, the best evidence rule prevented the witnesses from testifying about the video.

We review the admission of evidence for an abuse of discretion. *Commonwealth v. Green*, 162 A.3d 509, 516 (Pa.Super. 2017) (*en banc*). The best evidence rule provides, "An original writing, recording, or photograph is required in order to prove its content unless these rules, other rules prescribed by the Supreme Court, or a statute provides otherwise." Pa.R.E. 1002. If the original has been lost or destroyed, other evidence is admissible to prove the content of the writing, recording, or photograph, so long as the

loss or destruction of the original is not by the proponent having acted in bad faith. **See** Pa.R.E. 1004; **Commonwealth v. Dent**, 837 A.2d 571, 589 (Pa.Super. 2003).

Here, the trial court determined that the Commonwealth was not required to produce the original surveillance footage because it had been corrupted. The court concluded that "the Commonwealth did not act in bad faith in failing to preserve the video evidence" and it therefore allowed into evidence Young's testimony. **See** 1925(a) Op. at 16.

After a review of the parties' briefs, the certified record, and the relevant law, we find no error in the trial court's analysis. We thus affirm based on the well-reasoned opinion of the Honorable Maria Musti Cook. We add only that although Santos makes reference to a hearsay argument in his Statement of Questions Involved, he does not develop the claim in the body of his brief, and has thus waived it. **See Commonwealth v. Woodard**, 129 A.3d 480, 502 (Pa. 2015).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/12/2020